United States District Court
Southern District of Texas
**ENTERED**
May 17, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KIANTE BUTLER § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-15-3682 |
| § | |
| DELTA AIR LINES, § | |
| § | |
| Defendant. § | |

### MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Plaintiff's Motion to Remand (Doc. No. 15). The court has considered the motion, the response, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Plaintiff's motion be **DENIED** and that Defendants Dora Ruiz ("Ruiz") and Julie Holmes ("Holmes") be **DISMISSED** as improperly joined.

### I. Case Background

Plaintiff brings this action against Defendant Delta Air Lines ("Delta") seeking compensation after Delta allowed Plaintiff's minor child to be picked up by the child's non-custodial parent, who later refused to turn over the child to the person Plaintiff had authorized.[2]

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Doc. 9.

[2] See Doc. 1-2, Ex. A to Def.'s Notice of Removal, Pl.'s Original Pet. p. 3.

Plaintiff, a citizen of Texas,[3] filed this action in Texas state court on September 23, 2015, claiming breach of contract, promissory estoppel, and negligence.[4] Plaintiff's petition stated that he sought $100,000 or less, including mental anguish, exemplary damages, liquidated damages, expenses, and attorneys' fees.[5]

Plaintiff additionally named Ruiz and Holmes, both citizens of Texas, as defendants.[6] Ruiz and Holmes are listed as parties and mentioned only once in the body of the petition, where they are identified as Delta managers in the section of Plaintiff's claim for exemplary damages.[7] Holmes and Ruiz have not been served.

On December 21, 2015, Delta removed this action based on diversity jurisdiction.[8] Delta maintained that diversity jurisdiction existed because Holmes and Ruiz had been improperly joined in Plaintiff's suit.[9] Delta stated that it was apparent that the real parties in interest were diverse and the amount in controversy was over $75,000 and, in the alternative, that the

---

[3]  See id. p. 1.  Although Delta questions whether Plaintiff is a citizen of Texas based on his information contained in his petition, the court will consider Plaintiff a citizen of Texas for the purposes of this motion.

[4]  See id. pp. 3-8.

[5]  See id. p. 1.

[6]  See id.

[7]  See id. p. 9.

[8]  See Doc. 1, Def.'s Notice of Removal.

[9]  See id. pp. 4-5.

action was removable because the state claims were pre-empted under the Airline Deregulation Act.

On January 20, 2016, Plaintiff filed a motion to remand.[10] On February 3, 2016, Delta responded in opposition to Plaintiff's motion to remand.[11]

## II. Legal Standard

"Under 28 U.S.C. § 1441(a), any state court civil action over which the federal courts would have original jurisdiction may be removed from state to federal court." Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007). Federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

"The removing party bears the burden of establishing that federal jurisdiction exists." De Aquilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Removal jurisdiction depends on the plaintiff's state court pleadings at the time of removal. Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939); Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995). If the state court complaint explicitly claims $75,000 or more, federal jurisdiction is presumed as long as Plaintiff's complaint was made

---

[10] See Doc. 15, Pl.'s Mot. to Remand.

[11] See Doc. 16, Def.'s Resp. to Mot. to Remand.

in good faith.  De Aguilar, 47 F.3d at 1409 (citing St. Paul Mercury Indemnity Co. v. Red Cab. Co., 303 U.S. 283, 288 (1938)).  Once a defendant has established the presumption that federal jurisdiction is warranted, it must appear to "a legal certainty that the claim is really for less than the jurisdictional amount" in order to justify remand.  De Aguilar, 47 F.3d at 1409.

### III. Analysis

Delta removed this action on the basis of diversity jurisdiction under 28 U.S.C. § 1332, arguing that Holmes and Ruiz had been improperly joined in order to defeat jurisdiction. Plaintiff argues that the court lacks subject matter jurisdiction because his negligence claims against Holmes and Ruiz defeat diversity and the amount in controversy does not exceed $75,000.

**A.  Improper Joinder**

The first court considers Delta's argument that Holmes and Ruiz were improperly joined.

To establish that a non-diverse defendant has been improperly-joined, the removing party must prove either: (1) actual fraud in the pleading of jurisdictional facts; or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant.  Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 368, 373 (5th Cir. 2004).

A defendant claiming improper joinder bears a heavy burden of persuasion.  Smallwood, 385 F.3d at 574.  All factual allegations

4

in the state court petition are considered in the light most favorable to the plaintiff, and contested issues of fact and any ambiguities of state law must be resolved in favor of remand. Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007); Guillory, 434 F.3d at 308.

Here, Delta alleges that Plaintiff is unable to establish a cause of action and therefore must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant." McDonal v. Abbott Labs., 408 F.3d 177, 183 (5th Cir. 2005). The court need not determine the merits of the claim, "but only look for a possibility" that a plaintiff might prevail. Guillory v. PPG Indus., Inc., 434 F.3d 303, 308-09 (5th Cir. 2005).

The Fifth Circuit recently held that the proper standard to determine whether a plaintiff has stated a claim under a Smallwood analysis is the federal dismissal standard. Int'l Energy Ventures Mgmt. v. United Energy Grp., Ltd., ___ F.3d ___, 2016 WL 1274030, at *5 (5th Cir. March 31, 2016). A removed petition need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Delta is correct that Holmes and Ruiz are never mentioned in

the facts section or in the causes of action portion of the petition, and are only mentioned in the context of Plaintiff's claim for exemplary damages. In response, Plaintiff asserts that the petition "speaks for itself," and that Holmes and Ruiz's negligence is the but-for cause of Plaintiff's claims.[12]

The court must determine whether Plaintiff has stated a plausible claim for relief against defendants Holmes and Ruiz. To assert a negligence claim, a plaintiff must allege: (1) the existence of a legal duty; (2) a breach of that duty; and (3) damages proximate to that breach. Diamond Offshore Co. v. Survival Sys. Intern., Inc., 902 F. Supp. 2d 912, 929 (S.D. Tex. 2012) (citing Firestone Steel Prods. Co. v. Barajas, 927 S.W.2d 608, 613 (Tex. 1996)). Here, although Plaintiff argues that he asserts negligence claims against individual defendants, the court cannot find any allegations of negligence against the defendants within Plaintiff's pleadings. Plaintiff's petition asserts that defendants Holmes and Ruiz knew their "failure to follow policies" would result in risk. But Plaintiff's petition identifies only Delta as a party in the negligence claim. Plaintiff does not explain what causes of action, if any, he intends to pursue against Holmes and Ruiz, nor does he provide supporting factual detail of any actions taken by either individual.

Plaintiff has not stated any non-speculative claim against

---

[12]   See Doc. 15, Pl.'s Mot. to Remand p. 4.

defendants Holmes and Ruiz. See Int'l Energy Ventures Mgmt, ___ F.3d at ____, 2016 WL 1274030, at *9.[13] The court therefore finds that Holmes and Ruiz were improperly joined and that complete diversity exists under 28 U.S.C. § 1332. Because the court finds diversity jurisdiction exists, it need not consider Delta's alternate basis for removal jurisdiction under the Airline Deregulation Act.

## B. **Amount in Controversy**

The court looks to the state court petition to determine whether the amount in controversy exceeds $75,000 at the time of removal. Pullman, 305 U.S. at 537; Manguno v. Prudential Prop. and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). This requirement is satisfied if either: "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or (2) the defendant offers 'summary judgment type evidence' that supports a finding of the requisite amount." Manguno, 276 F.3d at 723. Here, Plaintiff's original petition sought damages of "$100,000 or less," including mental anguish, liquidated damages, exemplary damages, court costs, pre-judgment interest, and attorneys' fees.[14] Once jurisdiction is established, subsequent events that reduce the

---

[13] Although the court recommends that Holmes and Ruiz be dismissed without prejudice because they were improperly joined, the court notes that Plaintiff has not effected service against either individual and the deadline for service has now passed. See Fed. R. Civ. P. 4(m), 81(c).

[14] See Doc. 1-2, Ex. A to Def.'s Notice of Removal, Pls.' Original Pet. p. 1.

amount in controversy generally do not divest the court of jurisdiction. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000).

Once Delta has met its burden, Plaintiff can only establish that remand is warranted by showing that he cannot recover $75,000 based on a legal certainty. De Aguilar, 47 F.3d at 1412. Plaintiff may establish legal certainty by submitting a binding stipulation or affidavit along with a petition stating that he affirmatively seeks less than $75,000 and that he will not accept an award exceeding that amount. Ditcharo v. United Parcel Serv., Inc., 376 F. App'x 432, 437 (5th Cir. 2010) (citing De Aguilar, 47 F.3d at 1412).

Delta argues that the amount in controversy is apparent from Plaintiff's pleadings and additionally produced evidence in support. Plaintiff argues that he stated his damages were $100,000 or less in conformity with Texas Rule of Civil Procedure 47. Plaintiff states that Delta has not produced sufficient evidence that the Plaintiff's damages will exceed $75,000.

The court must first determine whether it is apparent from the pleading that Plaintiff's claims are likely to total more than $75,000. Plaintiff's petition seeks total damages of $100,000 or less and specific liquidated damages in the amount of "at least" $50,000.[15] Plaintiff additionally seeks attorneys' fees and

---

[15]   See id. p. 8.

exemplary damages.  Attorneys' fees and exemplary damages are included when determining the amount in controversy for jurisdictional purposes.  St. Paul Reinsurance Co, Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998).

Exemplary damages in Texas may not exceed either two times a plaintiff's economic damages plus an amount equal to non-economic damages, or $200,000, whichever is greater. Tex. Civ. Prac. & Rem. Code § 41.008.  Here, a jury could find exemplary damages of between $50,000 and $200,000, in addition to mental anguish, liquidated damages, and attorneys' fees.  It is apparent that Plaintiff's claims seek more than the jurisdictional minimum. Because Delta has met its burden, the court need not consider its supporting evidence.

Plaintiff cannot prove to a legal certainty that he is unable to recover at least the jurisdictional minimum.  The court therefore finds that it retains jurisdiction because the amount in controversy exceeds the statutory minimum.

### IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Plaintiff's Motion to Remand be **DENIED** and that Defendants Holmes and Ruiz be **DISMISSED.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto

9

pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 17th  day of May, 2016.

_____
U.S. MAGISTRATE JUDGE