IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIANTE BUTLER | § § § | |
| V. | § § | CIVIL ACTION NO. 4:15-CV-03682 |
| DELTA AIR LINES, INC. | § | DEFENDANT DEMANDS A JURY |

___

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIANTE BUTLER | § § § | |
| V. | § § | CIVIL ACTION NO. 4:16-CV-03711 |
| ENDEAVOR AIR D/B/A DELTA CONNECTION, INC.; JENNIFER LOPEZ; GLORIA LOPEZ; AND SHANTEL PIERCE | § § § § | DEFENDANT DEMANDS A JURY |

## DELTA AND ENDEAVOR'S MOTION TO CONSOLIDATE

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW, Defendant Delta Air Lines, Inc. ("Delta") and Defendant Endeavor Air, Inc. (improperly named as "Endeavor Air d/b/a Delta Connection, Inc.") ("Endeavor"), and file this Motion to Consolidate Civil Action No. 4:16-CV-03711; *Kiante Butler v. Endeavor Air, Inc., et al,* (the "Endeavor Case") with Civil Action No. 4:15-CV-03682; *Kiante Butler v. Delta Air Lines, Inc.,* pending in the United States District Court for the Southern District of Texas, Houston Division, Judge Gray Miller presiding (the "Delta Case"), and in support of same would show as follows:

## I.  INTRODUCTION

This is the second lawsuit filed by Plaintiff Kiante Butler ("Plaintiff") relating to claims arising from the transportation of his minor child on a flight from Cincinnati, Ohio to Houston, Texas on August 11, 2014.  After his motion to join Gloria (Lopez) Jimenez (the minor child's grandmother), Jennifer Lopez (the minor child's mother), and Shantel Pierce (Plaintiff's cousin) was denied by the Court in the Delta Case, Plaintiff filed suit against Endeavor, Jimenez, Lopez, and Pierce in state court.  Endeavor subsequently removed the case to this Court.  Both cases stem from the exact same facts and circumstances, and Plaintiff makes the same allegations against Endeavor in the instant case as against Delta Air Lines, Inc. ("Delta") in the Delta Case. The benefits of consolidation outweigh any burden because extensive discovery has already been undertaken in the Delta Case, and consolidation will be more efficient for the parties and will conserve judicial resources.

## II.  FACTUAL BACKGROUND

**A.     The Delta Case**

On August 11, 2014, Plaintiff's seven year-old daughter, A.B., traveled as an unaccompanied minor aboard a Delta flight from Cincinnati, Ohio to Houston, Texas.  *See* Exhibit A, Plaintiff's Original Petition in Delta Case, at ¶¶ 10-13.  A.B.'s plane ticket was not purchased by Plaintiff, but instead by her grandmother, Gloria Jimenez.  *See* Exhibit B, Jimenez Deposition, at 13-14.  Plaintiff claims to have advised Delta that his daughter was to be picked up in Houston by his "close female cousin."  *See* Exhibit A, at ¶ 10.  This cousin has been identified by Plaintiff during this litigation as "Shantel Pierce."  The flight was delayed, and Plaintiff eventually learned that A.B. had been released to her maternal grandmother, Gloria Jimenez, and mother, Jennifer Lopez.  *Id*. at ¶¶ 10-11.  Plaintiff contends that the child's mother,

Lopez, had previously kidnapped A.B., had been convicted and received a 10-year sentence for kidnapping, and, unbeknownst to Plaintiff, had been released in March of 2014. *Id.* at ¶ 7.

In his lawsuit in the Delta Case, Butler contends that Lopez and Jimenez refused to return the child to him or his family, and he was forced to travel to Texas from Ohio to attempt to regain custody of his daughter. *Id*. at ¶ 12. Plaintiff admits that Delta provided transportation and lodging for him during the 10-day period he was in Houston before regaining custody of his daughter. *Id*. at ¶ 13. Plaintiff seeks to recover from Delta under breach of contract, promissory estoppel, and negligence causes of action. *Id.* at ¶¶ 14-62.

The sole remaining Defendant in the Delta Case is Delta. Plaintiff originally also named Dora Ruiz and Julie Holmes, two Delta employees. However, following removal from state court, this Court dismissed these individuals on the basis of improper joinder. *See* Exhibit C, Memorandum and Recommendation and Exhibit D, Order Adopting Memorandum and Recommendation. Thereafter, on June 30, 2016, Delta moved to designate Jimenez, Lopez, Pierce, Geneva Pierce (Plaintiff's grandmother), and Mona Pierce (Plaintiff's mother) as responsible third parties. *See* Exhibit E, Delta's Motion for Leave to Designate Responsible Third Parties. Plaintiff did not object to such motion, and it was granted on July 25, 2016. *See* Exhibit F, Order Granting Motion for Leave to Designate Responsible Third Parties. On August 11, 2016, Plaintiff filed a motion in the Delta Case asking the Court to reconsider and strike its order designating responsible third parties, and also sought leave to amend his complaint to name Jimenez, Lopez, and Pierce as defendants. *See* Exhibit G, Plaintiff's Motion to Reconsider. The Court denied Plaintiff's motion on August 31, 2016, holding that Plaintiff failed to show good cause to amend his pleadings and add new parties beyond the joinder deadline. *See* Exhibit H, Order Denying Plaintiff's Motion to Reconsider.

3

Delta subsequently moved for summary judgment as to all of Plaintiff's claims. *See* Exhibit I, Delta's Motion for Summary Judgment. Such motion has been fully briefed and is currently pending before the Honorable Judge Nancy Johnson. The Delta Case has not yet been set for trial.

**B.     The Endeavor Case**

On August 11, 2016, Plaintiff filed suit in state court against Delta, Endeavor (a subsidiary of Delta), Dora Ruiz (Delta employee previously dismissed from the Delta Case), Julie Holmes (Delta employee previously dismissed from the Delta Case), Lopez, Jimenez, and Pierce (the "Endeavor Case"). *See* Exhibit J, Plaintiff's Original Petition in Endeavor Case. He made the same allegations against Delta as in the Delta Case, but did not make any allegations against Endeavor. *See id.*

Thereafter, on September 29, 2016, Plaintiff filed an Amended Petition in which he omitted Delta as a defendant by simply inserting Endeavor in place of Delta in the petition. *See* Exhibit K, Plaintiff's First Amended Petition in Endeavor Case. Ruiz and Holmes were also omitted. The only cause of action plead against Jimenez, Lopez, and Pierce was civil conspiracy to commit fraud. More specifically, Plaintiff alleged as follows with regard to these defendants:

> Gloria Jimenez, Jennifer Lopez, and Shantel Pierce acted in concert to commit fraud against Kiante Butler by concealing the fact that Jennifer Lopez was released from prison, and concealed this fact, because they knew Butler would not allow his daughter to fly to Houston otherwise. Gloria Jimenez and Jennifer Lopez concealed the fact that they would not be returning his daughter to him on the return flight, once they had her in their possession.

*See* Exhibit K, at ¶ 74.

Endeavor was served on November 22, 2016, and timely filed its Notice of Removal on December 21, 2016. *See* Exhibit L, Endeavor's Notice of Removal. The basis for removal was

diversity jurisdiction, and Endeavor argued that Jimenez, Lopez, and Pierce were improperly joined because Plaintiff has no possibility of recovery against them since conspiracy is not an independent cause of action, but instead depends on the existence of an underlying tort, which Plaintiff failed to plead. *See id.* On April 21, 2017—122 days after removal—Plaintiff moved to remand, arguing that diversity jurisdiction does not exist. *See* Exhibit M, Plaintiff's Motion to Remand in Endeavor Case. The docket date for such motion is May 12, 2017.

### III. ARGUMENT AND AUTHORITIES

**A.   Standard of review**

Consolidations are governed by Rule 42(a) which provides:

> If actions before the court involve a common question or law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

FED. R. CIV. P. 42(a).

The Fifth Circuit has instructed district courts "to make good use of Rule 42(a) in order to expedite...trial and eliminate unnecessary repetition and confusion," even when opposed by the parties. *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972,* 549 F.2d 1006, 1013 (5th Cir. 1977) (quoting *Gentry v. Smith,* 487 F.2d 571, 581 (5th Cir. 1973)) (citations omitted). In determining a motion to consolidate, the following factors are considered: (1) whether the cases are in the same court; (2) common parties; (3) common questions of law or fact; (4) risk of prejudice or confusion versus risk of inconsistent adjudications; and (5) judicial economy. *Parker v. Hyperdynamics Corp.*, 126 F.Supp.3d 830, 835 (S.D. Tex. 2015) (citing *Frazier v. Garrison I.S.D.,* 980 F.2d 1514, 1531 (5th Cir.1993)).

**B.      All factors point in favor of consolidation**

Here, all five factors favor consolidation of two cases. First, while the two cases are pending before different judges, they both are in the Southern District of Texas, Houston Division. Second, the properly joined parties in the two cases are essentially the same. The flight upon which Plaintiff's minor child flew was a Delta flight operated by Endeavor, which is a wholly-owned subsidiary of Delta. In both cases, Plaintiff seeks to recover from the airline who transported his daughter on August 11, 2014. There are clearly common parties in the two cases—Plaintiff on the one side, and the airline (whether identified as Delta or Endeavor) on the other side.

Third, there are common issues of fact and law since Plaintiff makes the exact same allegations against Endeavor as he does against Delta. *See* Exhibits A and K. It appears that Plaintiff only changed the name from "Delta" to "Endeavor" when drafting the allegations against Endeavor in the second lawsuit. Moreover, as stated, *supra*, there is only one air carrier at issue in either case, regardless of whether the carrier is referred to as Delta or Endeavor. Plaintiff's causes of action against Delta and Endeavor are identical, and he seeks the same damages from both.

Fourth, there is no risk of prejudice or confusion if the cases are consolidated, and even if there was such a risk, it would be greatly outweighed by the risk of inconsistent adjudications. If the cases are not consolidated and proceed separately, the cases would be tried at different times to different juries, which very well could result in different results. Because Plaintiff's claims against Delta and Endeavor arise from a single occurrence—the transportation of his minor child on August 11, 2014—those claims should be consolidated and heard by one jury. Finally, consolidation will promote judicial economy since there would be a single case rather

than two.

WHEREFORE, PREMISES CONSIDERED, Defendant Delta Air Lines, Inc. and Defendant Endeavor Air, Inc. (improperly named as "Endeavor Air d/b/a Delta Connection, Inc.") pray that Civil Action No. 4:16-CV-03711; *Kiante Butler v. Endeavor Air, Inc., et al,* be consolidated with Civil Action No. 4:15-CV-03682; *Kiante Butler v. Delta Air Lines, Inc.,* and for any other relief to which to which they may be justly entitled and forever pray.

Respectfully submitted,

*/s/ C. Fields*

_____
Kenneth Laborde
Texas State Bar No. 11786070
Southern District Bar No. 13374
klaborde@glllaw.com
Attorney in Charge
GIEGER, LABORDE & LAPEROUSE, L.L.C.
5151 San Felipe, Suite 750
Houston, Texas  77056
(832) 255-6000 Telephone
(832) 255-6001 Facsimile

ATTORNEYS FOR DEFENDANTS
DELTA AIR LINES, INC. AND
ENDEAVOR AIR, INC.

OF COUNSEL:

Brendan P. Doherty
Texas State Bar No. 24075923
Southern District Bar No. 1487416
bdoherty@glllaw.com
Charlotte A. Fields
Texas State Bar No. 24032175
Southern District Bar No. 32592
cfields@glllaw.com
GIEGER, LABORDE & LAPEROUSE, L.L.C.
5151 San Felipe, Suite 750
Houston, Texas  77056
(832) 255-6000 Telephone
(832) 255-6001 Facsimile

## CERTIFICATE OF SERVICE

    I hereby certify that on the 8th day of May, 2017, a true and correct copy of the foregoing instrument was served on all counsel of record and all pro se parties as set forth below:

U.A. Lewis                                      ***VIA E-FILING***
The Lewis Law Group, PLLC
P.O. Box 27353
Houston, Texas 77277
    *Counsel for Plaintiff*

Joseph K. Plumbar                  ***VIA E-FILING***
1200 Rothwell
Houston, Texas 77002
    *Counsel for Plaintiff*

Gloria Lopez Jimenez               ***VIA FIRST CLASS MAIL***
7515 Lobera Drive
Houston, Texas 77083
    *Pro se Defendant*

_____
Charlotte A. Fields