# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| KIANTE BUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-3682 |
| | § | |
| DELTA AIR LINES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a memorandum and recommendation ("M&R") filed by Magistrate Judge Nancy Johnson. Dkt. 252. The Magistrate Judge considered a motion for summary judgment filed by defendant Delta Air Lines, Inc. ("Delta") (Dkt. 60). *Id.* Having considered the M&R, the motion, plaintiff Kiante Butler's objections (Dkt. 127), defendant Delta's objections (Dkt. 128), Butler's response (Dkt. 130), Delta's response (Dkt. 129), and other relevant materials in the record, the court is of the opinion that Butler's objections and Delta's objections should be **SUSTAINED IN PART AND OVERRULED IN PART** and that the M&R should be **ADOPTED IN FULL**. Also pending is Butler's motion to consolidate (Dkt. 123). The court is of the opinion that the motion to consolidate should be **DENIED**.

## I. LEGAL STANDARDS

### A. Magistrate Judge

For dispositive matters, the court "determine(s) de novo any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*. "When no timely objection is filed, the court

need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Comm. Note (1983). For non-dispositive matters, the court may set aside the magistrate judge's order only to the extent that it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

### B. Motion for Summary Judgment

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552 (1986). If the party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dall., Tex.*, 529 F.3d 519, 524 (5th Cir. 2008).

## II. OBJECTIONS

Butler and Delta both filed objections to the M&R.

### A. Butler's Objections

Butler contends that he should be able to designate his experts past the deadline, and he takes issue with the fact that the court granted summary judgment as to attorneys' fees because Butler failed to designate an expert witness to testify, stating that the court did this on its own accord. Dkt. 130. However, in fact, Delta did move for summary judgment on the ground that Butler failed to designate an expert on attorneys' fees. Dkt. 60 at 11. As the Magistrate Judge explained in the

order denying Butler's subsequent motion to designate experts, Butler had many opportunities at earlier points in time to designate experts, was on notice of this failure, and the deadlines for discovery and designation of expert witnesses has long passed. *See* Dkt. 132. Therefore, Butler's objections are **OVERRULED**.

**B.  Delta's Objections**

Delta objects to the fact that the court denied summary judgment on Butler's claims for breach of contract and promissory estoppel. Dkt. 128. The thrust of Delta's objections focuses on alleged plans by Butler's family members to permanently assume custody of A.B. from Butler upon A.B.'s arrival in Houston. *Id.*

As to Butler's breach of contract claim, Delta argues that Butler cannot prove that his damages were caused by Delta's breach. *Id.* Delta contends that even if A.B. had been released to Butler's cousin, Shantel Pierce, as Butler intended, A.B. would not have been returned by Butler's family, and he would have had to go to court to retrieve her. *Id.* However, Delta's objection ignores the fact that the Magistrate Judge found that this case may fall under the limited exception allowing Butler to seek mental anguish damages for his breach of contract claim. Dkt. 124 at 19. Butler averred that Delta's actions caused him mental anguish, stating that his mental health issues "were worsened as a direct result of Delta's actions, in allowing a convicted kidnapper [to] take my child, without even calling me." Dkt. 102-4 at 4. Therefore, Delta's objection is **OVERRULED**.

Delta also objects to the Magistrate Judge's denial of summary judgment on Butler's promissory estoppel claim. In *Zenor v. El Paso Healthcare System, Ltd.*, the Fifth Circuit cited the following four elements of a promissory estoppel claim: "'(1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment . . . [and (4)] a definite finding that injustice can be avoided only by the enforcement of the promise.'" 176 F.3d 847, 864 (5th Cir. 1999) (quoting *Clardy Mfg. Co. v. Marine Midland Bus. Loans, Inc.*,

88 F.3d 347, 360 (5th Cir. 1996)). For the elements of promissory estoppel, the Magistrate Judge cited *MetroplexCore, L.L.C. v. Parsons Transp., Inc.*, which stated that "[t]he requisites of promissory estoppel are: (1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment." 743 F.3d 964, 977 (5th Cir 2014) (alteration in original). Later, the case explains, "A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." *Id.*

Delta first argues that the Magistrate Judge did not elaborate why, and Butler cannot show, that he relied on Delta's promise to his detriment. As the Magistrate Judge explained, there is a fact issue whether Delta failed to comply with its own policies, which resulted in A.B.'s release to an unauthorized person without Butler's knowledge. Dkt. 124 at 23. Further, Butler had to travel to Texas to enforce his custody agreement. Dkt. 102-4. Clearly, there is a fact issue whether his reliance on Delta's promises to call in the event that the authorized person was not available was to his detriment.

Delta contends that the Magistrate Judge failed to mention or analyze the fourth element of a promissory estoppel claim cited in *Zenor*, that injustice can be avoided only by the enforcement of the promise. Dkt. 128. This objection is **SUSTAINED**. However, the court agrees with the Magistrate Judge that summary judgment should not be granted on this claim. Butler has raised a fact issue whether the injustice can be avoided only by enforcement of the promise. A jury must decide whether if Delta had complied with its promise to Butler, an injustice would have been avoided.

## III. Delta's Motion to Consolidate

On May 8, 2017, Delta and Endeavor Air, Inc. filed a motion to consolidate, asking the court to consolidate this action ("Delta case") with *Kiante Butler v. Endeavor Air, Inc., et al.*, No. 4:16-cv-03711 (the "Endeavor case"). Dkt. 123. In the Endeavor case, Butler sued Endeavor Air, a subsidiary of Delta, along with Shantel Pierce, Gloria Jimenez, and Jennifer Lopez, in state court, and Endeavor Air removed it to federal court. *Id.*

### A. Legal Standard

Rule 42(a) of the Federal Rules of Civil Procedure provides that if "actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Broad discretion is vested in the district court in deciding whether two actions should be consolidated, and to what extent. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761–62 (5th Cir. 1989). However, consolidation "is improper if it would prejudice the rights of the parties." *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983).

In deciding whether to consolidate, a district court considers the following factors: (1) whether the actions are pending before the same court; (2) whether common parties are involved in the cases; (3) whether there are common questions of law and/or fact; (4) whether there is a risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately; and (5) whether consolidation will conserve judicial resources and reduce the cost of trying the cases separately. *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, Nos. H-01-3624, H-04-0088, H-04-0087, H-03-5528, 2007 WL 446051, at *1 (S.D. Tex. Feb. 7, 2007) (unpublished). Courts also consider

"whether the cases are at the same stage of preparation for trial." *Id.* (citing *St. Bernard Gen. Hosp.*, 712 F.2d at 989).

Here, the actions are both pending before the same court, have the same plaintiff involved, and involve the same set of facts and most of the same legal claims. The two main issues with this consolidation are the presence of as defendants Jimenez, Lopez, and Pierce in the Endeavor case, and the fact that this suit is much further along than the Endeavor case.

In the Endeavor case, Butler has brought a civil conspiracy claim against Jimenez, Pierce, and Lopez, which Endeavor contends is improper because there must be an underlying tort. The Fifth Circuit has stated as such. *See, e.g., Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 402 (5th Cir. 2013)("Civil conspiracy is a derivative tort, therefore, liability for a civil conspiracy depends on participation in an underlying tort. In order to adequately plead a claim for civil conspiracy, a plaintiff must adequately plead the underlying tort."); *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 640 (5th Cir 2007)("If a plaintiff fails to state a separate claim on which the court may grant relief, then the claim for civil conspiracy necessarily fails."). However, as of the date of this order, none of those defendants have retained an attorney or filed any type of motion to dismiss, so they are still joined as parties in that action.

Additionally, the presence of Pierce in the Endeavor case is particularly problematic due to an ethical issue. In the course of this lawsuit, it has been revealed that one of Butler's attorneys, Ms. Lewis, sent a letter to Delta's insurance company stating that she represented Pierce, and that she later sent an email to Pierce stating "I am still technically your attorney, since we never ended the attorney/client relationship." *See* Dkt. 89-3, Email from U.A. Lewis to Shantel Pierce Dated March 21, 2016. In the Delta lawsuit, Pierce has been designated as a responsible third party, not a party to the lawsuit.

Further complicating these issues is the fact that the cases are in two very different stages of the litigation process. This case has been pending since December 2015 and is ready to be set for trial, whereas the Endeavor case has just concluded the discovery process, and the deadline for dispositive and nondispositive motions has been extended to October 2, 2017.

Therefore, due to the ethical issues presented in the Endeavor case with Pierce, as well as differences in what has been filed in both suits and the different stages of the litigation, the court declines to exercise its discretion to consolidate the two cases. Delta's motion to consolidate (Dkt. 123) is **DENIED**.

### IV. Conclusion

Butler's objections (Dkt. 127) are **OVERRULED**, Delta's objections (Dkt. 128) are **SUSTAINED IN PART AND OVERRULED IN PART**, and the M&R (Dkt. 124) is hereby **ADOPTED IN FULL**. Delta's motion for summary judgment (Dkt. 60) is **GRANTED IN PART AND DENIED IN PART**. Additionally, Delta's motion to consolidate (Dkt. 123) is **DENIED**.

It is so **ORDERED**.

Signed at Houston, Texas on September 12, 2017.

Gray H. Miller
United States District Judge