IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KIANTE BUTLER, §
§
§
*Plaintiff*, §
§
v. § CIVIL ACTION H-15-3682
§
DELTA AIR LINES, INC., §
§
*Defendant*. §
§

## MEMORANDUM OPINION AND ORDER

Pending before the court is a renewed motion for judgment as a matter of law, or in the alternative, a motion for a new trial, filed by plaintiff Kiante Butler. Dkt. 205. Defendant Delta Air Lines, Inc. ("Delta") responded. Dkt. 207. Butler replied. Dkt. 208. Having considered the motion, response, reply, and applicable law, the court is of the opinion that the motion should be DENIED.

Also pending before the court is a bill of costs filed by Delta. Dkt. 202. Delta seeks $14,879,47 in costs.[1] Dkt. 202. Butler filed objections. Dkt. 203. Delta responded. Dkt. 204. Butler moved for leave to supplement his objections.[2] Dkt. 209. Delta responded.[3] Dkt. 210. Having considered the bill of costs, objections, responses, supplement, and applicable law, the court is of the opinion that Butler's request for leave should be DENIED and his objections should be

---

[1]Delta filed a bill of costs for: (1) fees of the clerk ($400.00); (2) fees for service of summons and subpoena ($1,950.00); (3) fees for transcripts ($10,428.95); (4) fees for printing ($75.50); (5) fees for witnesses ($598.82); (6) fees for copying ($826.20); and (7) compensation for an interpreter ($600.00). Dkt. 202 at 1.

[2]Butler attached an affidavit declaring his inability to pay "any of the $14,879.47." Dkt. 209.

[3]Delta objected to Butler's affidavit as untimely. Dkt. 210 at 1. Butler filed it thirty-seven days after his timely objections without explaining his delay. *Compare* Dkt. 209, with S.D. Tex. L. R. 54.2 (a party must object to a bill of costs within seven days of the filing of the bill). Butler's request for leave is DENIED.

OVERRULED.⁴  Costs are taxed against Butler in the amount of $14,879.47.

## I. BACKGROUND

This case arises out of Delta's unaccompanied minor program. On August 11, 2014, Butler's daughter, A.B., flew as an unaccompanied minor on a Delta flight from Cincinnati, Ohio, to Houston, Texas. Butler designated his cousin, Shantel Pierce, to pick up A.B. in Houston. Without contacting Butler, Delta released A.B. to her maternal grandmother, Gloria Jimenez, and her mother, Jennifer Lopez.

Butler sued Delta for breach of contract and promissory estoppel. Dkt. 1-2. On March 19, 2018, the court held a final pretrial conference. Dkt. 180. After the court and the parties conducted voir dire, eight jurors were selected. *Id.* Butler raised a timely *Batson* challenge after Delta struck juror three, the sole African-American individual in the strike zone.⁵ Dkt. 180; Dkt. 205 at 9. Delta explained that the twenty-three-year-old male had "little life experience," was "unmarried," "not part of the system," and "had low social capital." Dkt. 180. Butler presented a side-by-side comparison to show that Delta did not strike juror twelve, a white, unmarried, thirty-two-year-old male. *Id.* Delta stated that the nine-year age gap between the two jurors presented a "big difference . . . in terms of life experience." *Id.* After hearing from both parties, the court denied Butler's challenge, and impaneled the jury. *Id.*

On March 20, 2018, Butler presented his case. Dkt. 182. After he rested, Delta moved for judgment as a matter of law. Dkt. 205-1 at 16–18, 23–24. Butler opposed the motion. *Id.* at 18–23.

---

⁴*See* Fed. R. Civ. P. 54(d)(1) ("[u]nless a federal statute, [the Rules of Civil Procedure], or a court order provides otherwise, costs . . . should be allowed to the prevailing party"); *see also Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006) ("a court may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so").

⁵*See Batson v. Kentucky*, 476 U.S. 79, 97, 106 S. Ct. 1712 (1986) (race-based challenges violate the Equal Protection Clause).

2

The court took Delta's motion under advisement. *Id.* at 24. Then, Butler moved for judgment as a matter of law, relying on the grounds he asserted in opposition to Delta's motion. *Id.* at 24–26. The court denied Butler's motion because Delta had not yet presented its defense. *Id.* at 26.

On March 21, 2018, Delta presented its defense. Dkt. 184. Delta called Pierce and Jimenez. *Id.* Butler cross-examined both witnesses. *Id.* After resting, Delta renewed its motion for judgment as a matter of law. Dkt. 205-1 at 259. The court denied it. *Id.* at 259. Butler did not renew his motion.

The court submitted questions, definitions, and instructions to the jury. Dkt. 187. The jury found in Delta's favor. Dkt. 189. On March 27, 2018, Delta moved for entry of judgment on the verdict. Dkt. 190. Butler did not respond. On April 18, 2018, the court entered a final judgment in favor of Delta. Dkt. 201.

On May 16, 2018, Butler filed a renewed motion for judgment as a matter of law, or in the alternative, a motion for a new trial. Dkt. 205.

## II. LEGAL STANDARDS

### A. Judgment as a matter of law

A judgment as a matter of law "is appropriate when a reasonable jury would not have a legally sufficient evidentiary basis to find for the [non-moving] party on that issue." *Seibert v. Jackson Cty.*, 851 F.3d 430, 434 (5th Cir. 2017) (citing Fed. R. Civ. P. 50(a)). "When a case is tried to a jury, a motion for judgment as a matter of law is a challenge to the legal sufficiency of the evidence supporting the jury's verdict." *Cowart v. Erwin*, 837 F.3d 440, 450 (5th Cir. 2016) (internal quotation omitted). The court "must draw all reasonable inferences and resolve all credibility determinations in the light most favorable to the nonmoving party and uphold the verdict unless there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did."

*Siebert*, 851 F.3d at 435 (internal quotations omitted).

B.  **Motion for a new trial**

"A district court has discretion to grant a new trial under Rule 59(a) of the Federal Rules of Civil Procedure when it is necessary to do so to prevent an injustice." *Id.* at 438 (internal quotation omitted) (citing *United States v. Flores*, 981 F.2d 231, 237 (5th Cir. 1993)). The Fifth Circuit explains that: "a trial court should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence. In other words, the movant must show an absolute absence of evidence to support the jury's verdict." *Id.* at 439 (internal quotations omitted).

### III. ANALYSIS

Butler urges the court to grant his renewed motion for judgment as a matter of law, or, alternatively, his motion for a new trial.[6] Dkt. 205. Delta argues that Butler is not entitled to either form of relief. Dkt. 207. The court agrees.

A.  **Judgment as a matter of law**

Butler argues that the court should grant his renewed motion for judgment as a matter of law because Delta did not: (1) "present any competent evidence to controvert any testimony" that he elicited; (2) call experts to testify about his mental anguish damages; or (3) "present any other evidence to refute the mental anguish damages." Dkt. 208 at 3.

Butler's renewed motion for judgment as a matter of law fails because he did not move for that relief after the close of all the evidence. *See United States v. Flintco Inc.*, 143 F.3d 955, 960 (5th Cir. 1998) ("If the trial court does not grant a motion for judgment as a matter of law made *after the close of all the evidence*, then the movant may renew its request for judgment as a matter of law

---

[6]Butler's briefing lacks clarity. Dkt. 205, 208. Much of it recounts earlier objections without hinting that the corresponding rulings entitle him to the relief he seeks. *See id.* The court only analyzes the portions that appear to marry objections and arguments.

4

after the entry of judgment.") (emphasis added). While Butler moved at the close of his case, he failed to do so when Delta rested. *Compare id.*, *with* Dkt. 184.

Under Federal Rule of Civil Procedure 50(b), Butler needed to move for judgment as a matter of law at the close of all of the evidence. *See Flintco*, 143 F.3d at 960. Butler needed to "specify what judgment was sought and the law and the facts that would entitle [him] to such a judgment." *Id.* He did not.[7] Accordingly, Butler waived his right to file the instant motion. *See id.* ("A party that fails to move for a judgment as a matter of law under Rule 50(a) on the basis of insufficient evidence *at the conclusion of all the evidence* waives its right to file a renewed post-verdict Rule 50(b) motion.") (emphasis added). Thus, the court DENIES Butler's renewed motion for judgment as a matter of law.

### B. New trial

In the alternative, Butler moves for a new trial. He argues that the court should grant his motion because: (1) it overruled his *Batson* challenge; (2) the jury returned a verdict against the "clear" weight of the evidence; (3) Pierce perjured herself; and (4) Jimenez's testimony was irrelevant. Dkt. 205 at 7–10. Because each of these grounds fail, the court DENIES the instant motion.

#### 1. *Batson* challenge

The Constitution prohibits race-based challenges to prospective jurors. *Batson v.*, 476 U.S. at 97; *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 627, 111 S. Ct. 2077 (1991) (extending *Batson* to civil cases). Courts apply a three-step process to determine whether a strike is discriminatory. *See Foster v. Chatman*, 136 S. Ct. 1737, 1747, 195 L.Ed.2d 1 (2016) (discussing

---

[7]Even if the court determined that Butler moved for Rule 50(a) relief at the proper time, it cannot construe the content of his original motion as a challenge to the evidentiary basis of Delta's defense because Delta had not yet presented its defense. *Compare* Dkt. 205-1 at 26, *with Flintco*, 143 F.3d at 960.

5

*Batson*, 476 U.S. at 106). First, the party asserting the *Batson* challenge must make a prima facie showing that a party exercised a peremptory challenge on the basis of race. *Id.* at 1747. Second, the striking party must offer a race-neutral basis for its strike. *Id.* And third, the court must evaluate whether the party asserting the challenge "has shown purposeful discrimination." *Id.*

The court's inquiry "is not whether counsel's reason is suspect, or weak, or irrational, but whether counsel is telling the truth in his or her assertion that the challenge is not race-based." *United States v. Bentley-Smith*, 2 F.3d 1368, 1375 (5th Cir. 1993). The court can also consider "side-by-side comparisons of the challenged juror with similarly situated jurors of a different race." *United States v. Wilkerson*, 556 F. App'x 360, 363 (5th Cir. 2014). If the striking party "asserts that it was concerned about a particular characteristic but did not engage in meaningful voir dire on that subject, then the [striking party's] failure to question the juror on that topic is some evidence that the asserted reason was a pretext for discrimination." *Id.* However, when "no discriminatory intent is inherent," the striking party's explanation "must be deemed race-neutral." *Lewis v. Poole*, 114 F. App'x 144, 144 (5th Cir. 2004) (per curiam).

In the instant motion, Butler argues that the court erred in overruling his *Batson* challenge. Dkt. 205 at 9; Dkt. 208 at 5–6. The crux of Butler's argument is that Delta struck juror three "for no apparent reason other than race." Dkt. 205 at 9. Butler appears to argue that if age, and not race, prompted Delta's strike, the company should have exercised strikes against both the challenged juror (a twenty-three-year-old, unmarried African-American male) and his comparator (a thirty-two-year-old, unmarried white male). Dkt. 208 at 5. In support, Butler notes that: (1) Delta did not question the younger juror before striking him; (2) the strike left the panel with only white and Hispanic jurors; and (3) he and his attorneys are African American. *Id.*; *see also* Dkt. 208 at 5–6.

Delta responds that Butler failed to offer any evidence of purposeful discrimination. Dkt. 207 at 15. Delta argues that time constraints prevented it from questioning every potential juror.

*Id.* at 16. It also notes that both parties eliminated strike-zone jurors without asking questions. *Id.*

Age, maturity, marital status, socioeconomic status, and level of community involvement have all counted as race-neutral reasons to exercise peremptory strikes. *Lewis*, 114 F. App'x at 144 (potential jurors held "lower income, traditionally subservient jobs" and lived in "an area of Louisiana that was notoriously plaintiff-friendly"); *United States v. Clemons*, 941 F.2d 321, 325 (5th Cir. 1991) (age); *United States v. Lance*, 853 F.2d 1177, 1180–81 (5th Cir. 1988) (age, marital status, and lacking "a substantial stake in the community"); *see also United States v. You*, 382 F.3d 958, 967 (9th Cir. 2004) (age and maturity); *United States v. Martinez*, 168 F.3d 1043, 1047 (8th Cir. 1999) (age and marital status). Thus, Delta provided race-neutral explanations for its strike. *Compare id.*, *with* Dkt. 180, *and* Dkt. 207 at 15.

Additionally, even though Delta did not question juror three, it did not engage in meaningful voir dire of other panel members it struck. *Cf. Wilkerson*, 556 F. App'x at 363. The court finds that no *Batson* violation occurred. *See Bentley-Smith*, 2 F.3d at 1375. Accordingly, the instant motion is DENIED on that ground.

   2.   *Sufficiency of the evidence*

Butler argues that he is entitled to a new trial because the jury returned a verdict against the "clear" weight of the evidence. Dkt. 205 at 3, 10. To receive that relief, Butler needed to "show an absolute absence of evidence to support the jury's verdict." *Seibert*, 851 F.3d at 439. He did not meet that burden. *Compare id.*, *with* Dkts. 205, 208. Accordingly, this ground cannot support the instant motion.

   3.   *Pierce's testimony*

Butler argues that he is entitled to a new trial because Pierce perjured herself during cross-examination. Dkt. 205 at 7 (citing Dkt. 205-1 at 56, 61). Specifically, Butler points to Pierce's deposition—the same one he used to impeach her on cross-examination—to show that the witness

perjured herself. Dkt. 205-1 at 56–76.[8]

Butler must show that Pierce's alleged perjury prevented him from fully and fairly presenting his claims. *See Trottie v. SW Bell Yellow Pages*, 66 F.3d 319, 319 (5th Cir. 1995) (per curiam) (holding that district court did not abuse its discretion in denying motion for a new trial based on allegations of perjury). He did not make that showing, let alone advance that argument. *Compare id.*, *with* Dkt. 205 at 7. Accordingly, this ground cannot support the instant motion.

   4.   *Jimenez's testimony*

Butler argues, without citing to any testimony, that Delta called Jimenez "solely to prejudice" him. Dkt. 205 at 9. The court overruled his pre-trial objection as to the relevance of Jimenez's testimony. *Id.* at 8. He did not renew that objection when Delta called her to testify. *See* Dkt. 205-1 at 82. Instead, he objected to leading, alone. *Id.* at 91, 97–98.

Butler concedes that Jimenez paid the unaccompanied minor fee. Dkt. 205 at 8. Yet, he argues that "she was not a party to the contract . . . between [himself] and Delta Airline [sic]." *Id.* He also asserts that "Jimenez had no facts relating to the contract between the parties and was not qualified to determine and testify to [his] damages relating to the breach, [sic] mental anguish." *Id.* at 8–9. The court disagrees.[9] Butler did not explain how Jimenez's testimony "prejudice[d]" him.

---

[8]The court did not prevent Butler from exercising his right to impeach Pierce. *See* Fed. R. Evid. 607 ("[a]ny party . . . may attack the witness's credibility"); *see also* Fed. R. Civ. P. 32(a)(2) (any party can use a deposition to contradict or impeach the testimony of a deponent as a witness). Indeed, Butler tried to elicit inconsistencies between Pierce's deposition and trial testimony. Dkt. 205 at 56–76.

[9]*See, e.g.,* Dkt. 205-1 at 85 (Q: "So Mr. Butler asked you to pay for half of [A.B.'s] airfare to come visit, right?"; A: "Yes, ma'am."); *id.* at 90 (A: "I needed to pay $100 for her—for an accompany [sic] for her."); *id.* (Q: "Oh, so a total of $679.70 was charged to your credit card for [A.B.'s] ticket, right?"; A: "Yes, ma'am."); *id.* at 92 (Q: "Did anybody tell you on the day of the flight that her flight was going to be late?"; A: "Yes, [Butler] called me, telling he [sic] that she was going to be late . . . he knew I was waiting for her at the airport for her."); *id.* at 98 (Q: "Are you saying that Mr. Butler asked you for [A.B.] to be able to come visit?" A: "Yes. He's the one that called me.").

*Id.* at 8. He did not provide the court a basis to grant the instant motion. *Cf. Siebert*, 851 F.3d at 435 (internal citations omitted).

Because each of Butler's grounds failed, the court DENIES his motion for a new trial.

### IV. Conclusion

Butler's renewed motion for judgment as a matter of law is DENIED. Dkt. 205. His alternative motion for a new trial is also DENIED. *Id.* Butler's request for leave is DENIED. Dkt. 209. His objections (Dkt. 203) to Delta's bill of costs (Dkt. 202) are OVERRULED. Costs are taxed against Butler in the amount of $14,879.47.

Signed at Houston, Texas on July, 17, 2018.

_____
Gray H. Miller
United States District Judge